**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   1:22-cv-00013

**ANDREW GARLICK**,
**DR. THOMAS FOW**, and
**REBEKAH VOELKELT**,

    *Plaintiffs*,

     *v.*

**THE REGENTS OF THE UNIVERSITY OF COLORADO**,
**TODD SALIMAN**, in his official capacity as President of University of Colorado,
**DONALD M. ELLIMAN, JR.**, in his official capacity as Chancellor of University of Colorado Anschutz Medical Campus,
**MICHELLE MARKS**, in her official capacity as Chancellor of University of Colorado Denver,

    *Defendant*s.

## Plaintiffs' Motion to Consolidate

Pursuant to Federal Rules of Civil Procedure 65(a)(2), Plaintiffs Andrew Garlick, Dr. Thomas Fow, and Rebekah Voelkelt ("**Students**") respectfully move this Court to consolidate the hearing on Students' Motion for Preliminary Injunction with the trial on the merits of Students' Verified Complaint (ECF 1). In support of this Motion, Students state as follows:

"Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing." Fed. R. Civ. P. 65(a)(2). Whether to consolidate a hearing with the trial on the merits is within the discretion of the court. *Morrison & Foerster, LLP v. Wick* 94 F. Supp. 2d 1125, 1129 (D. Colo. 2000) (citing *American*

*Train Dispatchers Dept. of Intern'l Brotherhood of Locomotive engineers v. Fort Smith R. Co.*, 121 F.3d 267, 269 (7th Cir. 1997)). Consolidation is proper where the preliminary injunction and trial require the introduction of the same evidence. *See id.* "[S]uch a consolidation [] saves considerable time at trial by eliminating unnecessary evidentiary redundancy," *Citizens Concerned for Separation of Church and State v. City and Cty. of Denver,* 628 F.2d 1289, 1298-99 (10th Cir. 1980), thus promoting judicial economy. Courts must provide parties adequate notice of consolidation so that they may have a full opportunity to present their evidence. *Northern Arapahoe Tribe v. Hodel*, 808 F.2d 741, 753 (10th Cir. 1987) (citing *Holly Sugar Corp. v. Goshen Cty. Coop. Beet Growers Ass'n*, 725 F.2d 564, 568 (10th Cir.1984), *Penn v. San Juan Hospital Inc.,* 528 F.2d 1181, 1187 (10th Cir.1975)).

## I. Consolidation is Proper in this Case.

Consolidation in this case serves the interests of justice. Consolidation per Fed. R. Civ. P. 65(a)(2) eliminates needless repetition of evidence that would otherwise be offered cumulatively at a preliminary injunction hearing and a trial on the same merits, thereby improving efficiency in the management of the case without any distortion of the presentation of evidence by the parties. *See* Fed. R. Civ. P. 65(a)(2) advisory committee's note to 1966 amendment. Furthermore, consolidation is proper when "evidence received in connection with an application for a preliminary injunction which would be admissible on the trial on the merits forms part of the trial record." *See id.* Finally, consolidation will "expedite the final disposition of the action." *Id.*

**A.**     **The Same Evidence will be Used for the Preliminary Injunction and the Merits.**

Any factual evidence that may be required and gathered for the preliminary injunction

**Pls. Mot. to Consolidate**                          2

will be relevant to the merits of the case. Students and Defendants will present these same facts at any hearing on the merits and the standard of proof to which they will have been subjected is sufficient for their consideration on the claim's merits. Therefore, consolidation will avoid needless repetition of the evidence.

Thus, all of the facts necessary to determine the merits of the complaint are, or will be, before the Court at the preliminary injunction hearing. So consolidation of the decision on a preliminary injunction with the merits of the Verified Complaint is proper.

**B.     A Decision on the Merits will Expedite Resolution of this Case.**

Consolidation will also provide for an expeditious resolution of this case, thereby conserving judicial resources.

The primary goal of Students is to protect their liberty interests guaranteed by the First and Fourteenth Amendments against the state's intrusion. Even short deprivations of these Constitutional rights constitutes irreparable harm relevant to the preliminary injunction. Consequently, if Defendant is not enjoined from depriving the Students of these rights now, the Students will irreparably lose their rights. So expedition is necessary.[1] But such expedition serves another purpose—conserving judicial resources.

Whether or not Defendant is enjoined from mandating that CU students receive the COVID vaccine, and whether Students are entitled to a preliminary injunction will determine this matter. So consolidation of the decision on a preliminary injunction with the merits of the

---

[1] As further detailed in Students' Motion to Expedite, filed simultaneously with the present Motion.

**Pls. Mot. to Consolidate**               3

Verified Complaint will expeditiously resolve this case and conserve the resources of this Court—avoiding the need for two separate hearings and redundant briefing.

Consolidation of the decision on a preliminary injunction with the merits of the Verified Complaint will expeditiously resolve this case and preserve judicial resources.

## II. Students Made a Good Faith Effort to Confer.

Pursuant to D.C.COLO.LCivR 7.1, Students' Counsel made a good faith effort to confer with each unrepresented party regarding their position on this Motion. On December 30, 2021, Students' Counsel e-mailed each unrepresented party and University of Colorado's University Counsel, via the contact information provided on the University of Colorado websites, describing this Motion and seeking Defendants' position. In response, Jacquelynn Rich Fredericks, Assistant Attorney General, indicated that she would be representing Defendants and that they oppose this motion.

## Conclusion

In sum, consolidation serves the interests of justice and is proper in this case for at least the following reasons: (1) Students' likelihood of success on the merits is decisive and will be before this Court as a matter of law at the hearing for preliminary injunction; (2) the same evidence is relevant to Students' preliminary injunction and the merits resulting in avoidance of needless repetition of evidence; and (3) it will expedite resolution of this case. This Court should grant Students' Motion to Consolidate and provide adequate notice of such consolidation to Defendant.

**WHEREFORE**, Students pray this Court grant Plaintiffs' Motion to Consolidate the

**Pls. Mot. to Consolidate**                4

hearing on their Motion for Preliminary Injunction with any hearing on the merits of this case.

Dated: January 4, 2022

Respectfully Submitted,
/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar No. 2838-84
Courtney Turner Milbank, Ind. Bar No. 32178-29
Melena S. Siebert, Ind. Bar No. 35061-15
THE BOPP LAW FIRM
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
cmilbank@bopplaw.com
msiebert@bopplaw.com
*Counsel for Plaintiffs*

## Certificate of Service

I hereby certify that on January 4, 2022, I served the foregoing document to the following non-CM/ECF participants via U.S. first class mail:

The Board of Regents of the University of Colorado
1800 Grant Street, Suite 800
Denver, CO 80203

The President of the University of Colorado
Office of the President
1800 Grant Street, Suite 800
Denver, CO 80203

Michelle A. Marks
Chancellor, University of Colorado Denver
1380 Lawrence Street, Suite 1400
Denver, CO 80204

Donald M. Elliman Jr.
Chancellor, University of Colorado Anschutz
13001 E. 17th Place, CG003
Aurora, CO 80045

/s/ James Bopp, Jr.